70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohammed S. SAATY, Plaintiff-Appellant,
v.
George V. VOINOVICH, Governor; Michael Dewine; Melody L.
Turner; Terry L. Morris, Warden; Draice, Sgt.;
Michael A. Leonard, Defendants-Appellees.
 No. 95-3111.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Mohammed S. Saaty appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Saaty filed his complaint in the district court alleging, inter alia, that the conditions of his confinement at the Chillicothe Correctional Institution (CCI) caused his exposure to tuberculosis (TB). Plaintiff named the defendant state and prison officials in unspecified capacities and sought injunctive relief and compensatory and punitive damages. Defendants moved for summary judgment, and plaintiff responded in opposition. The district court granted defendants' motion and entered summary judgment for defendants.
 
 
 3
 Plaintiff filed a timely notice of appeal, and the district court denied plaintiff leave to proceed in forma pauperis and certified that an appeal would not be taken in good faith. This court also denied plaintiff pauper status after it was determined that an appeal would not be taken in good faith. Saaty v. Voinovich, No. 95-3111 (6th Cir. April 12, 1995). Thereafter, plaintiff paid the appellate filing fee. On appeal, plaintiff contends that the conditions of his confinement are unconstitutional. Defendants respond that the district court's judgment was proper.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper.
 
 
 5
 Plaintiff cannot show a genuine issue of material fact remaining for trial. To establish an Eighth Amendment claim based upon the denial of medical attention, plaintiff must show that defendants unnecessarily and wantonly inflicted pain upon him. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Similarly, plaintiff must show that defendants were deliberately indifferent in subjecting him to other allegedly unconstitutional conditions of his confinement. See Wilson v. Seiter, 501 U.S. 294, 303 (1991). The pertinent inquiry contains both objective and subjective components. Id. at 297-300. While exposure of an inmate to an unreasonable risk of serious damage to future health may violate the Eighth Amendment, Helling v. McKinney, 113 S.Ct. 2475, 2481-82 (1993), plaintiff must show that defendants failed to take reasonable steps to abate a known and substantial risk of serious harm. See Farmer v. Brennan, 114 S.Ct. 1970, 1977-84 (1994). In this case, plaintiff cannot show that defendants failed to take reasonable steps to abate an unreasonable risk and that they acted with a culpable state of mind.
 
 
 6
 On appeal, plaintiff does not challenge the district court's determination that he was given appropriate medical treatment after he tested positive for exposure to TB. Rather, plaintiff contends that defendants were deliberately indifferent to an unreasonable risk of exposure to TB. Plaintiff specifically cites prison overcrowding, an inadequate ventilation system, inadequate sanitary facilities, and lax disease identification and isolation procedures as contributing to an unreasonable risk of TB infection at CCI. Certainly, TB is a serious disease which can be spread easily under conditions of confinement. However, there is no evidence of record that TB is a more serious problem at CCI than in other prisons. While plaintiff contends that all prisoners are not tested annually for TB as defendants allege, plaintiff does not claim that defendants knowingly failed to isolate and remove any prisoner known to have active TB. Again, plaintiff cannot show that defendants failed to take any reasonable step to abate the risk of infection or that any defendant acted with a sufficiently culpable state of mind. Simply put, no genuine issue of material fact remains for trial with respect to whether any defendant knowingly subjected plaintiff to a pervasive risk of contracting TB. Under these circumstances, summary judgment for defendants was proper.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.